■ In the Matter of ANONYMOUS, an Attorney. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner; LYNN MEHNERT et al., Respondents.—In a proceeding to discipline an attorney, petitioner Grievance Committee moved to hold respondents witnesses to be in contempt and to punish said parties for their said contempt in their refusal to answer questions in the proceeding.

By order of this court dated September 11, 1985 the petitioner's applications to hold these witnesses in contempt were referred to Honorable Harry J. Donnelly, a retired Justice of the Supreme Court, as Special Referee, with instructions to direct the witnesses to answer the questions propounded and if they refused, then to make his report together with his findings with respect to their possible contempt upon a direct refusal to answer. The respondents herein had already been granted full transactional immunity by the Grand Jury pursuant to CPL 190.40 (2) concerning the same subject matter and thus respondents' invocation of a privilege against self-incrimination had no basis in law.

The Special Referee has rendered his report to this court and found that respondents, Lynn Mehnert, Patricia Sarrantino, Sharon Mehnert, Claudia Jurgens, Maryanne Herring, Maria Sanchez, Linda Barba and Kathleen Uster, appeared at the disciplinary hearing on December 16, 1985, refused to testify although ordered to do so by the Special Referee, and were therefore held in contempt. The Special Referee further indicated that on December 23, 1985 Claudia Jurgens, Maryanne Herring, Linda Barba, and Kathleen Uster again appeared before the Special Referee, were ordered to testify, failed to do so, failed to purge themselves of the contempt imposed at the previous hearing, and the Special Referee again held them in contempt; and that on the same date Lynn Mehnert, Patricia Sarrantino and Sharon Mehnert failed to appear although they had been directed to do so and were again held in contempt by the Special Referee.

These witnesses, having been granted transactional immunity by the Grand Jury, refused to testify regarding the same information at a disciplinary proceeding authorized by this court and prosecuted by the Grievance Committee for the

Second and Eleventh Judicial Districts. Their refusal to testify was calculated to and did defeat, impede, impair and prejudice the rights and remedies of the petitioner Grievance Committee in performing its mandated duty.

We therefore find each of the respondents in contempt of the orders of this court and of the directions of the Special Referee appointed pursuant to order of this court.

Accordingly each of the respondents is fined $250 and sentenced to imprisonment until each gives the testimony required in the disciplinary proceeding. The Sheriff, police officer or other law enforcement officer of any jurisdiction in which a respondent may be found is directed to take custody of said respondent and take her forthwith to the Civil Jail of the City of New York to serve her sentence.

The respondents may purge themselves of this contempt and the resulting punishment by giving testimony in the disciplinary proceeding within 10 days after service upon them of a certified copy of this decision and order. Mollen, P. J., Lazer, Mangano, Gibbons and Thompson, JJ., concur.